# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
DORAL BANK,

    **Plaintiff**,

        **v.**                   **Civil No.** 15-1694 (FAB)

JOSÉ DÍAZ-MARTÍNEZ, *et al.*,

    **Defendants.**

## MEMORANDUM AND ORDER

BESOSA, District Judge.

    Before the Court is Banco Cooperativo de Puerto Rico ("Banco Cooperativo")'s motion to intervene pursuant to Federal Rule of Civil Procedure 24 ("Rule 24"). (Docket No. 12.) Banco Cooperativo also requests that the Court dismiss the counterclaims set forth by defendants José Díaz-Martínez, Hilda García-Martínez, and the conjugal partnership comprised between them (collectively, the "Martínez defendants") pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). Id. For the reasons set forth below, the Court **GRANTS** Banco Cooperativo's motion to intervene. The Court also **GRANTS** Banco Cooperativo's motion to dismiss. This case is remanded to the Court of First Instance of Puerto Rico, Bayamón Division, Case No. DCD2014-2280, for

continuation with the foreclosure proceedings against the Martínez defendants.

## I.    Background

Doral Bank ("Doral") loaned the Martínez defendants $180,000.00 to purchase a property in Guaynabo, Puerto Rico. (Docket No. 8, Ex. 1.)  The Martínez defendants defaulted on the loan, prompting Doral to commence a foreclosure action in the Puerto Rico Court of First Instance on August 26, 2014 (hereinafter the "foreclosure action").  Id.; see Doral Bank v. José Díaz-Martínez, et al., Case No. DCD2014-2280.  Subsequently, the Martínez defendants answered the complaint and asserted counterclaims against Doral.  (Docket No. 1 at p. 1.)

During the foreclosure proceedings, the Office of the Commissioner of Financial Institutions closed Doral and appointed the Federal Deposit Insurance Corporation ("FDIC-R") to serve as Doral's receiver.  (Docket No. 8, Ex. 3 at p. 1.)  "[T]he FDIC, in its capacity as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interest in this pending action."  Id. (citing 12 U.S.C. § 1821(d)); see O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (holding that pursuant to the language of 12 U.S.C. § 1821(d), the FDIC "steps into the shoes" of a failed institution).  The FDIC-R notified the Martínez defendants "that they had until June 4, 2015,

to submit a proof of claim to the FDIC-R for consideration."
(Docket No. 12 at p. 2.)

The FDIC-R removed the foreclosure action to this Court on
May 28, 2015. (Docket No. 1.) The Court stayed this action,
however, "until September 8, 2015 or for 60 days after the
disallowance of claims, whichever date [occurred] first." (Docket
No. 5.) The stay allowed the Martínez defendants "to exhaust the
administrative remedies [set forth in FIRREA]." Id.

After the Court stayed this action, the Martínez defendants
submitted a claim to the FDIC-R. (Docket No. 12, Ex. 1.) The
FDIC-R denied their claim on August 4, 2015. Id. The notice of
disallowance provided that:

> If [the Martínez defendants did] not file a lawsuit (or
> continue any lawsuit commenced before the appointment of
> the Receiver) before the end of the 60-day period, the
> disallowance of [their] claim will be final and [they]
> will have no further rights or remedies with respect to
> [their] claim.

Id. (citing 12 U.S.C. § 1821(d)(6)(B)(ii)). The FIDC also informed
the Martínez defendants that it "[w]ould not agree to any request
for an administrative review of [their] disallowed claim." (Docket
No. 12, Ex. 1 at p. 1.) The Martínez defendants did not commence
a lawsuit, nor did they continue the foreclosure action within the
60-day timeframe.

Doral transferred the mortgage note for the Guaynabo property to Banco Cooperativo. (Docket No. 12, Ex. 2 at p. 5.) Banco Cooperativo moves to intervene, and "requests that the Court dismiss [the Martínez defendants'] counterclaims with prejudice for lack of subject matter jurisdiction and remand the matter to state court for continuation with the foreclosure proceedings." (Docket No. 12 at p. 6.) Banco Cooperativo's motion is unopposed.

## II. **Motion to Intervene**

Banco Cooperativo seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). (Docket No. 12 at p. 3.) Rule 24 requires that Banco Cooperativo satisfy four prerequisites:

> (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest.

Public Serv. Co. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998). Failure to satisfy a single prerequisite precludes intervention. R & G Mortg. Corp. v. Fed. Home Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009) (citation omitted). Ultimately, intervention as of right requires "a series of judgment calls [by the Court] — a balancing of factors that arise in highly idiosyncratic factual

settings." <u>Students of Fair Admissions, Inc. v. President and</u>
<u>Fellows of Harvard College</u>, 807 F.3d 472, 474 (1st Cir. 2015)
(internal citation and quotation omitted).

Banco Cooperativo argues that because it "acquired the note
and now stands in the shoes of the original lender, . . . it has
the utmost interest in this case and its outcome." (Docket No. 12
at p. 3.)  The Court agrees.  As the holder of the mortgage note,
Banco Cooperativo's property interest is at stake in this action.
<u>See e.g.</u>, <u>Bouchard v. Winstar Mortg. Partners, Inc.</u>, Case No. 10-
490, 2010 U.S. Dist. LEXIS 80441 *6—7 (S.D. Ca. Aug. 10, 2010)
(holding that an "assignee claiming a beneficial interest in the
deed of trust underlying [a] loan" possessed a sufficient property
interest to intervene pursuant to Rule 24).

Although Banco Cooperativo does not specify when it acquired
the mortgage note, the Court finds that its motion to intervene is
timely.  The timeliness of a motion to intervene is "not measured,
like a statute of limitations, in terms of specific units of time,
but rather derives meaning from assessment of prejudice in the
context of the particular litigation." <u>P.R. Tel. Co. v. Sistema de</u>
<u>Retiro de los Empleados del Gobierno y la Judicatura</u>, 637 F.3d 10,
15 (1st Cir. 2011).  The Martínez defendants have made no attempt
to advance their counterclaims against Doral or Banco Cooperativo.
In fact, the final and only pleading filed by the Martínez

defendants is their July 2, 2015 motion to remand. (Docket No. 7.)[1] Because the FDIC-R is no longer the holder of the mortgage note, Banco Cooperativo cannot rely or expect that the FDIC-R will adequately represent its interests. Accordingly, Banco Cooperativo's motion to intervene is **granted**.

## III. Motion to Dismiss

Banco Cooperativo moves to dismiss the counterclaims asserted by the Martínez defendants pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 12 at p. 3.) Pursuant to Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is properly invoked when a plaintiff asserts a colorable claim "arising under" the United States Constitution or federal law. 28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted).

In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (internal citations omitted). The party asserting jurisdiction shoulders the burden of showing

---

[1] The Court denied the motion to remand. (Docket No. 11.)

the existence of federal jurisdiction.  Viqueira v. First Bank,
140 F.3d 12, 16 (1st Cir. 1998) (internal citations omitted).

A.   **FIRREA Sets Forth a Mandatory Administrative Claims
     Process**

     The Financial Institutions Reform, Recovery and
Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. section 1821 *et seq.*,
sets forth a statutory claims process "designed to create an
efficient administrative protocol for processing claims against
failed banks."  Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir.
1992).  Pursuant to this review process, the FDIC is required "to
publish notice that the failed institution's creditors must file
claims with the FDIC by a specified date, which must be at least
ninety days after publication of the notice."  Acosta-Ramírez v.
Banco Popular de Puerto Rico, 712 F.3d 14, 19 (1st Cir. 2013)
(citing 12 U.S.C. § 1821(d)(3)(B)(i)).

     If a timely claim is filed, the FDIC must approve or
disallow the claim within 180 days.  Acosta-Ramírez, 712 F.3d at
19 (citing § 1821(d)(5)(A)(i)).  "Claimants then have sixty days
from the date of disallowance or from the expiration of the 180–
day administrative decision deadline to seek judicial review in an
appropriate federal district court (or to seek administrative
review)."  Id. at 19 (citing 12 U.S.C. § 1821(d)(6)(A)).  Once the
sixty-day period expires, "such disallowance shall be final, and

the claimant shall have no further rights or remedies with respect to such claim." Id. at n.8 (citing 12 U.S.C. § 1821(d)(6)(B)). The First Circuit Court of Appeals has held that failure to comply with the statutory claims process "deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution." Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(13)(D)(i)).[2]

The Court lacks subject matter jurisdiction to adjudicate the Martínez defendants' counterclaims. The FDIC-R issued the notice of disallowance on August 4, 2015. (Docket No. 12 Ex. 1.) Accordingly, the Martínez defendants had until October 3, 2015 to seek judicial or administrative review of the disallowance. They failed to commence or continue an action within this deadline. Consequently, there is no subject matter jurisdiction in this action. See Acosta-Ramírez, 712 F.3d at 20 ("We agree with the FDIC that the failure of the plaintiffs to comply with the sixty-day requirement to seek judicial review of the denial of their administrative claims also deprives courts of

---

[2] The administrative claims process set forth in FIRREA "applies not only to the receiver of a failed institutions assets, but also to third-party purchasers of assets of the failed institution." Kosicki v. Nationstar Mortg., LLC, 947 F. Supp. 2d 546, 555 (W.D. Pa. 2013). Accordingly, the jurisdictional bar set forth in FIRREA continues to attach regardless of whether Banco Cooperativo, rather than the FDIC-R, owns the mortgage note. See Acosta-Ramírez, 712 F.3d at 20 ("We consider whether the jurisdictional limitation applies to suits seeking to make an end run around FIRREA's statutory claims process by suing the third-party purchasing bank. It does.").

jurisdiction."); <u>see e.g.</u>, <u>Fed. Deposit. Ins. Corp. v. Rodríguez</u>, Case No. 15-2257, 2016 U.S. Dist. LEXIS 156751 *6 (D.P.R. Nov. 10, 2016) ("Defendant's failure to comply with the FIRREA's administrative claims review process strips the Court of subject-matter jurisdiction to hear Defendant's counterclaims.") (Gelpí, J.).  Accordingly, the absence of subject matter jurisdiction compels this Court to **grant** Banco Cooperativo's motion to dismiss.

## IV. Conclusion

For the reasons set forth above, Banco Cooperativo's motion to intervene is **GRANTED**.  (Docket No. 12.)  Banco Cooperativo's motion to dismiss is also **GRANTED**.  <u>Id.</u>  Because the Court no longer has subject matter jurisdiction over this action, it is remanded to the Court of First Instance, Bayamón Division, Case No. DCD2014-2280, to continue the foreclosure action by the holder the note (Banco Cooperativa) against the Martínez defendants. This action is **DISMISSED WITH PREJUDICE**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 26, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE